Anthony G. Danko
TDCJ # 1727465
Lindsey Unit
1620 FM 3344
Jacksboro, TX 76458

April 30, 2015

81,731-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 07 2015
Abel Acosta, Clerk

The Honorable Sharon Keller, Presiding Judge
Texas Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, TX 78711

Dear Justice Keller,

My name is Anthony Gerald Danko and I was a productive member of society working as a Locomotive Engineer for the Union Pacific Railroad for the past 22 years before my peaceful life was taken away on July 12, 2011. I am writing this letter to let you know what happened as I pray to God that you and your colleagues will re-open my case and examine the new evidence revealed during my evidentiary hearings so that I may be given a fair chance for relief from my Writ of Habeas Corpus. I was not granted this priveledge as a United States citizen because my Writ was maliciously denied in the Tarrant County Court by Judge Elizabeth Beach who initially removed herself off my case because of a conflict of interest. She wasn't even present during my evidentiary hearing! This declination automatically caused the individuals who screen cases before they reach your court to "Rubber Stamp It." And that is exactly what happened within 6 weeks of the Court of Criminal Appeals receiving my case; just like my appellate attorney predicted they would do if Tarrant County denied my Writ.

I have been wrongfully convicted and incarcerated for a crime I did **NOT** commit on April 17, 2008 because of ineffective assistance to counsel and prosecutorial misconduct during my trial on October 28, 2009 (Trial No. 1147885D). I now have the scientific ballistic evidence from 3 independent ballistic experts; Lannie Emanuel, Don Mikko and Ron Fazio and testimony from both of my trial attorneys; Jim Shaw and Ben Leonard that prove that I am an innocent man. This new evidence and testimony was presented and revealed during my evidentiary hearings that were held on March 24 and April 7, 2014 respectively (Appeal No. 02-09-00386). These hearings also exposed the deception and illegal conduct of Assistant District Attorney Greg Miller.

On April 17, 2008 I was separated from my wife and was at a friend's house discussing the situation. I came home around 8:30 pm, took my prescription Ambien and fell asleep fully

clothed on my bed. I was awakened by a loud noise around 9:40pm and out of fear I instinctively grabbed my pistol from the nightstand drawer then proceeded toward the noise. It sounded like someone was trying to break into my house by kicking the front door. I had no idea that my sister had called 911 in fear that I may have needed help because of a misunderstood message that I had left her earlier that evening. I unlocked the deadbolt and opened my front door about 6 inches with my left hand as my right arm was straight by my side with my gun pointed down at the floor. The police did **NOT** break open my door as they claimed! I have photos of the door and the jamb that show that this did **NOT** happen. The police also lied in their report by saying that I was holding a glass in my left hand when they claimed that they broke my door open. The glass that they planted would have dropped after being shot and shattered on my foyer tile floor, but in the photo that they took it shows an unbroken glass lying on the foyer tile floor. I didn't even have a chance to look up to see who was there before hearing "he's got a gun" as I was shot first in my right hand, then in the right side of my chest. I had no idea who shot me until I woke up chained to a hospital bed being charged with 3 counts of Aggravated Assault with a Deadly Weapon Against a Public Servant.

I retained Travis Young to represent me. He hired a private investigator and also bonded me out of jail so I could continue to work when I healed. Mr. Young enabled me to personally present my case during the Grand Jury hearing. After the Grand Jury viewed the photographs taken by my private investigator and I answered all of their questions I was **"NO BILLED!"** Assistant District Attorney Greg Miller, who was present during that hearing, turned around and "Direct Billed" me on perjury charges. He stated that I had deceived the Grand Jury when I told them that my gun was **NOT** pointed at the officers. I was shocked to find out Mr. Miller had lied by saying I deceived the Grand Jury. Mr. Miller charged me with felony perjury just to re-open my case because I was going to sue the Ft. Worth police and hold them accountable for brutally shooting me and crippling me in my own home as I was defending myself from a possible intruder. After Mr. Miller was able to reinstate the Aggravated Assault charge he dropped the felony perjury charge without my knowledge.

I was forced to hire another defense attorney because Mr. Young suddenly informed me on a Friday that he wanted an additional $17,500.00 in 3 days to continue to represent me. I could not pay that amount of money on such a short notice so I hired Jim Shaw, an ex girlfriends family friend to represent me because Mr. Shaw allowed me to pay out his fee of $15,000.00 over a period of 12 months. I had no idea that Mr. Shaw's counsel was going to be ineffective because he did not want to hire a ballistic expert for me as I had asked him to in June of 2009. He said, and I quote, "You do **NOT** need a ballistic expert because we have enough evidence." During my trial Mr. Shaw did **NOT** display the photos that were taken by my private investigator and he did **NOT** allow me to take the witness stand as I

insisted, nor did he allow any of my neighborhood witnesses who saw what actually happened at my home that evening on April 17, 2008 to testify. I had **NO DEFENSE!**

After being wrongfully convicted, I hired an appellate attorney out of Dallas, Franklyn Mickelsen. I felt like I could trust him because he had **NO** social or political ties to the Tarrant County Judicial System. Mr. Mickelson hired 2 independent ballistic experts; Lannie Emanuel and Don Mikko. They both scientifically proved that my hand was down by my side and the gun was pointed straight at the floor when I was shot by Officer Thomas. This new evidence and the affidavits from my trial attorneys Mr. Shaw and Mr. Leonard allowed me to have a full evidentiary hearing. Mr. Shaw's affidavit also included that my ex girlfriend Debbie Moore admitted that she lied on the stand when she testified against me during the punishment phase of my trial.

During the evidentiary hearings my ballistic experts testified scientifically based on the direction of the lead smear left on my gun, that my gun was pointed down when it was struck on the side of the frame by Officer Thomas' bullet. Another bullet from Officer Thomas' gun grazed the top of my right hand which held the gun, perpendicular to my fingers and removed the pinky knuckle in the process which also indicated that my gun was pointed down at the floor. There was also blood splatter and bullet fragments embedded in the foyer wall next to where I was standing at the same level where my right hand was located down by my side, approximately 33 inches from the floor.

These hearings also exposed the ineffective counsel of my trial attorneys Mr. Shaw and Mr. Leonard by their own testimony because they did not have a defense for me. They did not get a ballistic expert or allow me to testify as I asked them to. These hearings also revealed the lies that the Assistant District Attorney Greg Miller had told after he had full knowledge from his own ballistic expert Ron Fazio, who informed him verbally and in a written report that my gun was struck by a bullet from Officer Thomas' gun on the side of the frame and not the barrel. With this evidence and knowledge, Mr. Miller intentionally did not use Mr. Fazio as an expert witness, but instead used 2 unqualified Ft. Worth police officers as experts to testify. They both stated that my gun was hit at the end of the barrel by Officer Thomas' bullet. Mr. Miller used their testimony in his closing argument insinuating that my gun was pointed directly at the officers and that is why the Jury convicted me. Mr. Miller knowingly and maliciously used incorrect evidence and false testimony to make sure I was found guilty so that I could not hold the police accountable for shooting me for no reason. Mr. Miller lied throughout my trial and during his closing argument.

During my evidentiary hearings the prosecutors led by Colby Rideout introduced new lies by stating the police reported that it appeared I was raising my gun at them when they shot me.

In the police report (Incident No. 08-044159) it states that I was pointing my gun straight at them with one hand and holding a drink in the other hand. During the trial the police testified under oath that I was pointing my gun at them by holding it with both hands. All lies!

Your Honor with all due respect I implore that you and your colleagues will examine my entire case from the time I was "No Billed" to my evidentiary hearings. And I pray to our Father God, who will judge everyone, that you will correct the injustice that has been done to me by granting me relief on my Writ of Habeas Corpus and fully exonerate me for I am an innocent man.

Thank you for taking the time to read this letter. May Father God bless you as you have been placed in authority by Him to make sure that the constitutional rights of those citizens of the United States who live in Texas have not been violated by the officials who may have become corrupt in the local courts.

Respectfully,

Anthony G. Danko